HILL v. HILL, EXECUTOR.

1. Where the sheriff annexes the panel to the *venire* and not to the *dis-tringas*, the latter may be amended.

2. The declaration stated that in consideration that the plaintiff deliv-ered to the defendant certain articles at his request, he, the defendant, un-dertook to pay what they were worth.    This amounts to a sale of the articles, and the plaintiff is entitled to recover only the amount of what they are worth at the time, without reference to any after rise in value.

This was an action of *indebitatus assumpsit*, which was tried at Essex Nisi Prius in September, 1793.

The declaration stated that, whereas, on the 2d of March, 1788, in consideration that the plaintiff, at the request of the testator, would deliver to him three certificates or public secu-rities, two of them for two hundred dollars each, and one of them for one hundred and thirty-five dollars, he, the testator, undertook and promised to deliver the plaintiff as much as

they were reasonably worth : averment, that confiding in this promise he did deliver to testator these certificates, which were worth £600. Another count for so much money had and received to the use of plaintiff.

The defendant pleaded—1st. *Non assumpsit.* 2d. *Plene adminstravit.*

The plaintiff, in support of the first issue, gave in evidence a paper signed by the testator, acknowledging the receipt from plaintiff of the three certificates.

The jury found a verdict for the plaintiff on the first issue, for $599.20 ; on the second, assets sufficient unadministered.

This was a motion for a new trial and in arrest of judgment.

KINSEY, C. J.

There have been two questions made in this cause :

[262] 1st. It appears that the *venire* and *distringas* were delivered to the sheriff at the same time, and that he annexed the panel to the former and not to the latter.

I consider this matter as amendable. If the *venire* is right, the secondary process may be made so. 1 *Bac. Ab.* 146, 157.

In *Welsh* v. *Upton, Cro. El.* 259, it was moved in arrest of judgment that the *venire* (which is of more importance than the *distringas,* because the ground of the latter,) and panel were wanting, and it was held to be helped by the statute.

In 3 *Bulstrod* 186, Doddridge says if there is no *distringas* returned it is aided by 30 *H. VIII., c.* 30.

In *French* v. *Wiltshire, Andrews* 67, the panel being annexed to the *distringas,* it is a good return, and the statute 5 *Geo. I., c.* 13, is called omnipotent. *Phillips* v *Phillips, Ibid.* 248, is strong to the same point. Where there is an appearance and a proper trial by jury, these objections ought not to prevail, and our practice, independent of the English cases, would be sufficient to support this verdict.

2d. It is objected the judge told the jury that as defendant's testator had used the plaintiff's property, and had not

accounted therefor, the rise in the value subsequent to the delivery should accrue to the plaintiff.

This is not altogether supported by the report of the judge. The report of his direction to the jury was, that if the certificates were received by the testator from the plaintiff, and never returned or offered to be accounted for, it was proper to estimate their value, and if the jury should be of opinion that the plaintiff was entitled to the value of funded certificates, as he had been deprived of the benefit of them by the defendant's retaining and converting them to his own use, they were at liberty so to find.

If it was meant that the plaintiff was entitled to any rise in the value of the certificates occurring subsequently to the delivery, then the objection is to be considered.

The declaration states that on the 2d of March, 1788, in consideration of the delivery by the plaintiff of three certificates to the testator at his request, he, the testator, undertook [263] to pay him as much as they were worth, averring they were worth £600.

What the testator, therefore, undertakes to pay, according to this state of the case, is the value of the certificates. He never promised to re-deliver those certificates, and all that he was compellable to pay was their actual value ; and when that value is to be estimated, and what is the effect of this agreement, are the questions now to be considered.

It appears to me clearly that the first count in the declaration states an absolute sale. Many cases might be cited to prove this ; one, however, will be sufficient. It is the case of *Herbert* v. *Bostow*, 1 *Salk.* 25 ; 2 *Ld. Ray.* 895. The plaintiff declared, in consideration, that he had paid and delivered to the defendant twenty pieces of hammered money, being twenty old shillings, at his request ; the defendant promised to pay him twenty new shillings. Objected, the property is not altered, *sed non allocatur ;* for a delivery in consideration of being paid the value, is a sale. See *Lansing* v. *Turner*, 2 *Johns.* 13.

If I am right in considering this as a sale, this consequence

Hill v. Hill.

follows, that the purchaser has a right to the rise in the value of the certificates, and if they deteriorate he must suffer the loss. The plaintiff in the present case can have no right to recover more from the defendant than the value of the certificates at the time of the sale ; and as the jury have given more, they have done wrong.

New trial awarded.